GEORGE E. MORSE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78600. Promulgated August 14, 1936.

*James Irving Mason, C. P. A.*, for the petitioner.
*Hugh Brewster, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $18,-174.92 in the petitioner's income tax for the year 1930. The deficiency resulted from the disallowance of a deduction of $114,168.44 claimed as representing losses on stock. The explanation shows that the losses disallowed were those claimed on the sale of 1,736 shares of Murray Corporation stock and on 2,000 shares of Continental Baking Co. "B" stock. The explanation further stated that

the losses were disallowed "since no sales of these stocks were made during the year 1930." A number of issues were raised in the pleadings, but all have been disposed of by a stipulation save the question of "whether or not the transactions above described, considered in the light of the facts agreed upon herein, constitute a bona fide legal sale by the petitioner in 1930 of the stocks in controversy, within the meaning of the Federal income tax laws and the regulations issued in accordance therewith."

The petitioner filed a joint return for 1930 for himself and his wife, Helen C. Morse, with the collector of internal revenue for the district of Vermont. Other pertinent provisions of the stipulation are as follows:

On December 19, 1930 petitioner is alleged to have sold through Farnum, Winter & Co., a brokerage firm then operating in New York, 1736 shares of Murray (Body) Corporation stock at 12⅜, which amounted to a total of $21,483.00. Against the sale were charged a commission of $217.00 by Farnum, Winter & Co., a Federal tax of $34.72 and State tax of $34.72, leaving a net credit to the account of $21,195.56. The confirmation slip shows this stock as having been sold to Farnum, Winter & Co. The said confirmation slip is attached hereto and made a part hereof as joint Exhibit "B".

On December 19, 1930, there was an alleged purchase for an account in the name of Mrs. Helen C. Morse through Farnum, Winter & Co. of 1736 shares of Murray (Body) Corporation stock at 12⅜, for a total of $21,483.00, against which was charged a commission of $217.00 leaving a net debit to the account of $21,700.00. This is shown as purchased from Farnum, Winter & Co. by the confirmation slip attached hereto as joint Exhibit "C".

On December 20, 1930, petitioner is alleged to have sold through Farnum, Winter & Co., 2,000 shares of Continental Baking "B" stock at 2¼, for a total of $4,500.00 against which was charged: $150.00 commission, $40 Federal tax, and $40 State tax, leaving a net credit of $4,270.00. The confirmation of sale slip attached hereto and made a part hereof as joint Exhibit "D" shows the alleged sale as being made to Farnum, Winter & Co.

On December 20, 1930, there was an alleged purchase for an account in the name of Mrs. Helen C. Morse on the books of Farnum, Winter & Co. of 2,000 shares of Continental Baking "B" stock at 2¼ for a total of $4,500.00, against which was charged a commission of $150.00 making a net debit of $4,650.00. The confirmation-of-purchase slip attached hereto and made a part hereof, marked joint Exhibit "E", shows the purchase as having been made from Farnum, Winter & Co.

It is agreed that all the transactions shown by joint Exhibits "B" to "E" inclusive, were ordered by George E. Morse, the printed wording of the said Exhibits to the contrary notwithstanding, and that the foregoing transactions in the name of Helen C. Morse opened that account, as is more clearly shown by joint Exhibit "G" hereinafter referred to.

Joint Exhibit "F" attached hereto and made a part hereof contains a statement of the account of George E. Morse with Farnum, Winter & Co. from November 30, 1930, to October 23, 1931, both inclusive, reflecting the alleged sales heretofore referred to, and showing a credit balance of $11,933.74 on October 23, 1931, which balance was on that date transferred to the account in the name of Mrs. Helen C. Morse, thereby closing his account.

Joint Exhibit "G" attached hereto and made a part hereof contains a statement of the account in the name of said Helen G. Morse with Farnum, Winter & Co. from December 22, 1930 to October 23, 1931, both inclusive, reflecting the alleged purchases heretofore referred to and reflecting the sales during May and June 1931 of the stocks in controversy. On October 23, 1931 this account was closed by a transfer to it of the credit balance in the account of George E. Morse as above-stated. This action was taken by Farnum, Winter & Co. on authority given by George E. Morse, at their request.

The petitioner's basis for gain or loss on the shares disposed of is not in dispute. The Commissioner concedes that there will be no deficiency if the petitioner is entitled to the deductions claimed. If the Commissioner is sustained in disallowing the claimed deductions for losses, a settlement under Rule 50 will be necessary in order to give the petitioner the benefit of a stipulated deduction for interest.

The determination of the Commissioner in disallowing the deductions claimed is presumed to be correct until the contrary appears from the evidence. Furthermore, transactions in which a husband sells securities for the purpose of taking a deduction in his income tax returns and an offsetting purchase of a like amount of the same kind of stock is made at the same time in the name of the wife, call for careful scrutiny. The transactions involved in the present case were carried out solely on the order of the husband. It does not appear from the record that the wife was a party to the transactions or that she ever knew of them. It does not appear that she had any separate estate of her own or that she ever exercised any dominion or control over the securities in question. It does not appear that she ever authorized the opening of the brokerage account in her name, that she ever assumed liability in connection with that account, that she ever authorized the transactions in question, or that she ratified them in any way. Therefore, although the petitioner went through the form of selling these securities to his broker and having the same securities purchased in the name of his wife, it does not appear that he ever relinquished dominion and control over the shares suffciently to establish for himself a loss for income tax purposes. This case is clearly distinguishable on its facts from the cases of *Frank M. Arguimbau*, 31 B. T. A. 604, and *Thomas W. Behan*, 32 B. T. A. 1088. Exhibits F and G, which are statements of the broker's accounts in the name of the husband and wife, show that the purchase of the securities in question and the sale of those same securities in 1931 were the only transactions in the account in the name of Helen C. Morse. Comparison of the two accounts and the manner in which they were finally closed, tends strongly to support the Commissioner's determination that the petitioner is not entitled to the deductions claimed. Not only did the husband fail to part with dominion and control over the shares, but even if we

were to hold that he sold the shares, he would not be entitled to the deduction, because the account in the name of his wife was in reality his own account. Therefore, he would be held to have purchased substantially identical property within thirty days of the date of the sale, and, under the wash sales provision of the statute, he would not be entitled to a deduction in any event. Sec. 118, Revenue Act of 1928.

Reviewed by the Board.

*Decision will be entered under Rule 50.*